**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS PRINCE,<br><br>      Plaintiff,<br><br>      v.<br><br>LOOP CAPITAL MARKETS, LLC, WELLS FARGO BANK, N.A., and BANK OF AMERICA,<br><br>      Defendants.<br>_____ | 2:13-cv-429-RCJ-GWF<br><br>**ORDER** |

Currently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (#5).

**BACKGROUND**

**I.    Foreclosure Facts**

Plaintiff Thomas R. Prince and, his wife, Sarah K. Prince executed a note secured by a deed of trust on a piece of property located at 8138 Villa Duenas Court, Las Vegas, Nevada, which was recorded in Clark County on August 14, 2009. (Deed of Trust (#5-1) at 2-3). The mortgage dated, August 11, 2009, was for $274,928. (*Id.* at 2). The lender on the deed of trust was New Line Mortgage, Div. Republic Mortgage Home Loans, LLC. (*Id.*). The trustee on the deed of trust was Equity Title of Nevada. (*Id.*). The Mortgage Electronic Registration Systems, Inc. ("MERS") was named as "nominee for Lender . . . and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id.*).

On August 16, 2012, MERS, as the nominee for New Line Mortgage Div. Republic Mortgage Home Loans, LLC, executed a corporate assignment of the deed of trust and granted, assigned, and transferred all beneficial interest in the deed of trust to Bank of

America, N.A. (Corporate Assignment of Deed of Trust (#5-2) at 3). On December 19, 2012, MERS, as nominee for New Line Mortgage Div. Republic Mortgage Home Loans, LLC, executed an assignment of deed of trust and assigned and transferred the right, title, and interest in the deed of trust to Bank of America, N.A. (Assignment of Deed of Trust (#5-3) at 2).

No notice of default has been filed in this case. (*See* Mot. to Dismiss (#5) at 7 n.4).

## II.   Complaint

In March 2013, Defendants Wells Fargo Bank, N.A. and Bank of America, N.A. filed a petition for removal based on diversity jurisdiction. (Pet. for Removal (#1) at 1-2). Defendants attached *pro se* Plaintiff Thomas Prince's complaint which had been filed in the Eighth Judicial District in Clark County, Nevada, against Defendants Loop Capital Markets, LLC, Wells Fargo Bank, N.A., and Bank of America (collectively "Defendants") for intentional misrepresentation and negligent misrepresentation. (Compl. (#1-1) at 2-3).

The three-page complaint alleged the following. (*Id.* at 3). Plaintiff had entered into a mortgage with New Line Mortgage on or about August 11, 2009 for real property located at 8138 Villa Duenas Court, Las Vegas, Nevada. (*Id.*). The deed of trust was pooled and securitized in a trust whose lead beneficiaries or managers were Defendants. (*Id.*). Certificates of ownership were later sold and discovery revealed that a proper endorsement of the note at the time of formation of the securitized trust did not occur. (*Id.*). Plaintiff had "a justified reliance on truthfulness of ownership and proper assignments which was misrepresented by defendants' account of ownership beneficiary through endorsements, assignments, and Notice of Default." (*Id.*). Plaintiff alleged that he had directly suffered loss of income and "deformation of character as a result of the intentional misrepresentation orchestrated" by Defendants. (*Id.*). Plaintiff sought "relief of reconveyance of said real property free of levy and lien, and equitable relief of $275,000.00 plus incurred legal fees." (*Id.*). Plaintiff also sought injunctive relief caused by the foreclosure procedure of the property during litigation. (*Id.* at 4).

The pending motion now follows.

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Defendants Wells Fargo Bank, N.A. and Bank of America, N.A. file a motion to dismiss Plaintiff's complaint in its entirety with prejudice.[1] (Mot. to Dismiss (#5) at 1). Defendants assert that this Court has repeatedly rejected the argument that Plaintiff's debt under the note and deed of trust are satisfied because the mortgage was pooled and securitized. (*Id.* at 4). Defendants argue that Plaintiff fails to state a claim for intentional misrepresentation with Rule 9(b) specificity. (*Id.* at 6-8).

Plaintiff, *pro se*, filed a response and Defendants filed a reply. (Opp'n to Mot. to Dismiss (#10); Reply to Mot. to Dismiss (#11)).

As an initial matter, Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies to claims for fraud, intentional misrepresentation, and negligent misrepresentation. *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F.Supp.2d 1222, 1238, 1244 (D. Nev. 2006). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done

---

[1] Defendant Loop Capital Markets LLC filed a joinder to the motion to dismiss. (Joinder (#18)).

4

anything wrong. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* A "plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.*

In Nevada, negligent misrepresentation is defined as "[o]ne who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998). In Nevada, the elements of intentional representation are: "a false representation made with knowledge or belief that it is false or without a sufficient basis of information, intent to induce reliance, and damage resulting from the reliance." *Collins v. Burns*, 741 P.2d 819, 821 (Nev. 1987).

The Court finds that Plaintiff's three-page complaint fails to plead intentional and negligent misrepresentation with Rule 9(b) specificity. The complaint does not identify a false or misleading statement or explain why the statement was false. Additionally, Plaintiff does not identify the who, what, when, where, or how of the alleged misconduct but instead states that "[d]iscovery reveals" that the alleged misconduct occurred. (*See* Compl. (#1-1) at 3). As such, the complaint fails to state a claim.

Additionally, the Court finds that amendment to the complaint would be futile. Plaintiff's entire complaint is based on the idea that securitization inherently changes the existing legal relationship between the parties to the extent that the original parties cease to occupy the roles they did at closing. (*See* Compl. (#1-1) at 3); *see Reyes v. GMAC Mortgage LLC*, 2:11-cv-100-JCM-RJJ, 2011 WL 1322775, *2 (D. Nev. Apr. 5, 2011). Courts in this district have rejected this argument "because the securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust." *Id*. Courts in this district have

found that claims arising out of securitization fail because "securitization merely creates a separate contract, distinct from plaintiffs' debt obligations under the note and does not change the relationship of the parties in any way." *Id*. (internal alterations and quotations omitted). As such, the Court finds that any amendment to Plaintiff's securitization argument is futile and denies leave to amend the complaint. Accordingly, this Court grants Defendants Wells Fargo Bank, N.A. and Bank of America, N.A.'s Motion to Dismiss (#5) and Loop Capital Markets LLC's Joinder to the Motion to Dismiss (#18) in its entirety with prejudice.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants Wells Fargo Bank, N.A. and Bank of America, N.A.'s Motion to Dismiss (#5) is GRANTED in its entirety with prejudice.

IT IS FURTHER ORDERED that Loop Capital Markets LLC's Joinder to the Motion to Dismiss (#18) is GRANTED in its entirety with prejudice.

There are no remaining claims or parties in this case. The Clerk of the Court shall enter judgment accordingly.

DATED: This _15th_ day of October, 2013.

_____
United States District Judge